**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 28, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Natarsha A. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2595-CDA

Dear Counsel:

On August 6, 2026, Plaintiff Natarsha A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 14 and 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE and REMAND the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 6, 2021, alleging a disability onset of November 22, 2020. Tr. 25. Plaintiff's claims were denied initially and on reconsideration. Tr. 25. On May 1, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 25. Plaintiff amended her alleged disability onset date to December 27, 2022. Tr. 25. Following the hearing, on July 19, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 22. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

[1] 42 U.S.C. §§ 301 et seq.

of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 27, 2022, the alleged onset date." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "systemic lupus erythematosus, anemia, migraines, bipolar disorder, generalized anxiety disorder, and post-traumatic stress disorder." Tr. 28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 28. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform occasional stooping, kneeling, crouching, crawling, and balancing. The claimant is limited to understanding and carrying out detailed, but not complex, instructions. The claimant can use judgment to make simple work-related decisions. The claimant can do no work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. The claimant can have occasional interaction with supervisors, coworkers, and the public. The claimant is limited to work requiring only occasional changes in the routine work setting.

Tr. 31. The ALJ determined that Plaintiff has no past relevant work unable to perform past relevant work but could perform other jobs that existed in significant numbers in the national economy such as laundry folder (DOT[2] #369.687-018), sorter (DOT #222.687-014), and clerical checker (DOT #222.687-010). Tr. 37, 38. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review considers only whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ erred at step three by failing to properly evaluate whether Plaintiff's impairments met or equaled Listing 14.02, resulting in an RFC that was not supported by substantial evidence. ECF 11, at 7. Defendant counters that there was no error at step three as the decision must be read as a whole and an ALJ is not required to use any specific language or format in evaluating the Listings and issuing his decision. ECF 14, at 6.

The SSA's "Listing of Impairments" describes, "for each of the major body systems," the "impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 404.1525(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a "Listing"). 20 C.F.R. § 404.1520(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.*

Relevant to this case, Listing 14.02 pertains to systemic lupus erythematosus ("SLE") with functional impact. 20 C.F.R. pt. 404, subpt. P, app. 1 § 14.02. A claimant may meet or equal Listing 14.02 in one of two ways.

A. Involvement of two or more organs/body systems[3], with:

1. One of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

[3] "Major organ or body system involvement can include: Respiratory (pleuritis, pneumonitis), cardiovascular (endocarditis, myocarditis, pericarditis, vasculitis), renal (glomerulonephritis), hematologic (anemia, leukopenia, thrombocytopenia), skin (photosensitivity), neurologic (seizures), mental (anxiety, fluctuating cognition ('lupus fog'), mood disorders, organic brain syndrome, psychosis), or immune system disorders (inflammatory arthritis)." 20 C.F.R. pt. 404, Subpt. P, App'x 1, § 14.00(D)(1)(a).

OR

B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

1. Limitation of activities of daily living.

2. Limitation in maintaining social functioning.

3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P, app. 1 § 14.02.

The Court finds the ALJ's impairment analysis erroneous. After determining that Plaintiff suffered from severe SLE, Tr. 28, the ALJ considered whether Plaintiff's impairments met or equaled Listing 14.02, Tr. 29. In doing so, the ALJ made the following observation:

> The claimant's systemic lupus erythematosus does not meet or equal listing 14.02 of the Appendix 1 impairments because the record does not demonstrate systemic lupus erythematosus with one of the organs/body systems involved to at least a moderate level of severity; and at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss); or repeated manifestations of systemic lupus erythematosus, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: limitation of activities of daily living; limitation in maintaining social functioning; or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Tr. 29. Plaintiff argues that "[t]his rationale is simply a copying and pasting of the criteria of Listing 14.02 and a conclusory statement that such criteria was not met or equaled." ECF 11, at 12. Defendant counters that because the ALJ repeated several times that he made his findings after considering the entire record, the Court should "take him at his word." ECF 14, at 8 (citing Tr. 26, 31, 32; *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)).

To determine whether substantial evidence supports an ALJ's step-three findings, the Court reads the ALJ's decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam). Having done so, the Court finds that the ALJ erred by failing to explain why Plaintiff's SLE did not meet any of the Listing's criteria. Notably, the ALJ's decision contains multiple findings that appear to contradict their step-three conclusion. For instance, at step two, the ALJ found that Plaintiff suffered from severe impairments of anemia and generalized anxiety disorder but did not explain why the severe impairments of organ/body systems were not involved

with SLE. Defendant argues that "[r]emand is not required when an ALJ fails to explain why an impairment does not meet or equal a listed impairment 'as long as the overall conclusion is supported by the record.'" ECF 14, at 7 (quoting *Vandross v. Berryhill*, No. 8:16-cv-01915-RBH-JDA, 2017 WL 3328191, at *16 (D.S.C. July 18, 2017), *adopted by* 2017 WL 3311047 (D.S.C. Aug, 3, 2012) (alteration in original)). Despite references to the "entire record," the Court is unable to discern whether there substantial evidence supports the ALJ's determination, especially in light of the observations made by the ALJ at different steps in his opinion.

"A full explanation by the ALJ is particularly important" where the claimant's "medical record includes a fair amount of evidence supportive of [their] claim[.]" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The circumstance here involves such evidence yet lacks the "full explanation" the Fourth Circuit requires. The ALJ may or may not ultimately determine that the factual findings identified above do not satisfy the Listing's criteria. But the ALJ—not the Court—must make this determination in the first instance and provide the proper explanation for doing so. *See id.* at 296. Because such a finding is for the ALJ, and the decision here lacks explicit analysis on the issue, the Court will not attempt to divine the ALJ's reasons for finding that Plaintiff could not satisfy the Listing for SLE.

In sum, the decision's lack of explanation precludes the Court from determining whether substantial evidence supported the ALJ's step-three determination. Remand is warranted. *See Andrea F. v. Bisignano*, No. JMC-25-2852, 2026 WL 1745817, at *5 (D. Md. June 17, 2026) (remanding due to step-three error due to lack of meaningful analysis regarding SLE). On remand, the ALJ should "specific[ally] appl[y]" Listing criteria to the evidence of record and explain why that evidence does or does not support a finding that any potentially relevant Listing is met. *Radford*, 734 F.3d at 295; *Andrea F.*, 2026 WL 1745817, at *5. On remand, the ALJ is welcome to consider any arguments before this Court arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. <u>**CONCLUSION**</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED due to inadequate analysis. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge